IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. CR 99-1027 BB

BYRON SHANE CHUBBUCK,

      Defendant.

**MEMORANDUM OPINION
AND
ORDER DENYING DEFENDANT'S MOTIONS TO SEVER
BANK ROBBERY AND FELON IN POSSESSION CHARGES**

THIS MATTER is before the Court on Defendant's *Motion to Sever Bank Robbery Counts* (Doc. #32) and *Motion to Sever Count IX* (Doc. #31). Having considered the briefs of counsel, the motions will be Denied.

***Discussion***

*Bank Robbery Counts*

Counts I through IV of the Indictment charge four separate bank robberies occurring in December 1998, in April 1999, and August 1999. With the exception of the escape, the remaining counts of the Indictment charge assault on federal officers,

illegal firearms, and felon in possession of a firearm, all resulting from the attempt to arrest Defendant on the bank robbery charges.

Obviously, the four bank robberies may be properly tried together and Defendant does not argue to the contrary. *United States v. Mackey*, 117 F.3d 24, 26 (1st Cir.), *cert. denied*, 522 U.S. 975 (1997); *United States v. Ackes*, 52 F.3d 509, 514 (4th Cir. 1995); *United States v. Chambers*, 964 F.2d 1250 (1st Cir. 1992); *United States v. Shue*, 766 F.2d 1122 (7th Cir. 1985). *Cf. United States v. Taylor*, 800 F.2d 1012 (10th Cir. 1986) (jury capable of separating events of different robberies), *cert. denied*, 484 U.S. 838 (1987). Defendant, however, argues the charges arising from his alleged assault on the officers who tried to arrest him on the bank robbery charges should be severed.

Joinder of offenses which constitute parts of a transaction is permitted. *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir.), *cert. denied*, 516 U.S. 824 (1995). Generally, the concept of "transaction" depends not so much on a temporal, as on a logical, relationship. *United States v. Koen*, 982 F.2d 1101, 1112 (7th Cir. 1992). Conceptually, the alleged bank robberies lead to the attempt to arrest Defendant and resulting allegations of assault and illegal weapon possession. This is a related transaction. In *United States v. Woody*, 55 F.3d 1257 (7th Cir.), *cert. denied*, 516

U.S. 889 (1995), the defendant had been arrested in possession of stolen checks and money orders. Thereafter, law enforcement set up surveillance and when the defendant received the proceeds of another stolen check, they approached his car. Defendant hit the first postal inspector, Tokarski, with his car. The second inspector, Erickson, evaded defendant's vehicle and defendant was eventually apprehended. The Seventh Circuit affirmed the District Court decision to join the possession of stolen mail count for trial with the two counts of forcible assault arising from the defendant's arrest. The Court of Appeals reasoned as follows:

> Woody's two forcible assault offenses upon Inspectors Tokarski and Erickson occurred while they were attempting to arrest him a second time for possession of stolen mail. Evidence of the defendant's first arrest for possession of stolen mail and the subsequent surveillance operation was relevant to establish his motive to assault the inspectors in his ill-fated attempt to avoid apprehension. Woody's arrest for possessing stolen mail was the logical precursor to his assaults on Inspectors Tokarski and Erickson. Woody's assault offenses were clearly "part and parcel of the same criminal scheme," (citation omitted) *i.e.*, to cash forged checks stolen from residential mailboxes without detection from law enforcement. Accordingly, the joinder of the counts for forcible assault and possession of stolen mail was proper.

55 F.3d at 1257. *But see, United States v. Myers*, 700 F. Supp. 1358 (D.N.J. 1988).

The bank robbery charges and the resisting arrest charges may, then, logically be construed as one transaction. Nor is prejudice likely to occur as the jury can certainly follow the Court's instructions and keep such temporally distinct events compartmentalized when considering the legal instructions. *United States v. Taylor*, 800 F.2d 1012 (10th Cir. 1986), *cert. denied*, 484 U.S. 838 (1987); *United States v. Burger*, 773 F. Supp. 1430 (D. Kan. 1991).

### *Firearms Count*

Defendant has moved to sever Count IX which recites that Defendant has previously been convicted of two drug offenses, a crime of violence, and a felon in possession charge as background for the assertion that Defendant is a convicted felon and therefore not allowed to possess a weapon. Defendant moves to sever Count IX from the remaining counts and otherwise to redact the specifics of his prior crimes.

Defendant correctly recognizes that a felon in possession charge need not automatically be severed from other related counts, citing *United States v. Valentine*, 706 F.2d 282 (10th Cir. 1983). The Tenth Circuit restated this principle more recently in *United States v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992). The defendant therein was charged in two counts with being a felon in possession of a firearm and maintaining a

methamphetamine laboratory. Judge Conway refused to sever the counts and the Tenth Circuit affirmed noting:

> Prejudicial joinder did not occur in this case. First, joinder was appropriate under Rule 8(a) because the possession of the firearm was part of the drug trafficking offense. Second, given the ample evidence of the defendant's involvement with methamphetamine laboratories, it is clear that the prior marijuana conviction did not unduly influence the jury. Third, no undue emphasis was placed on Sturmoski's prior conviction. *See United States v. Valentine*, 706 F.2d 282, 299 (10th Cir. 1983) (defendant failed to make a persuasive showing of prejudice where prior conviction did not receive undue emphasis at trial). The record reveals plenty of evidence on which the jury could have convicted Sturmoski on the methamphetamine charges without any mention of the prior marijuana conviction. Thus, we cannot conclude that joinder deprived or threatened Sturmoski's right to a fair trial.

971 F.2d at 460.

In the present case, the possession of the firearm "was part of" the assault. Recent Tenth Circuit authority therefore suggests nothing improper about the joinder of these counts and Defendant presents no authority to the contrary. Defendant's motion to strike will be considered, if necessary, following resolution of Defendant's offer to stipulate.

## **O R D E R**

Defendant's motions to sever the bank robbery counts and Count IX are **DENIED**.

Dated at Albuquerque this 4th day of October, 2000.

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
United States District Judge

Counsel for Plaintiff:
    Kathleen Bliss, Assistant U.S. Attorney, Albuquerque, NM
Counsel for Defendant:
    Gary Mitchell, Ruidoso, NM