**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                          No. CR 99-1027 BB

BYRON SHANE CHUBBUCK,

      Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING WITHDRAWAL OF PLEA**


THIS MATTER is before the Court on Defendant's letter-motion to withdraw his plea, and defense counsel's motion to withdraw as counsel.  Defense counsel has now withdrawn his motion.  The Court having reviewed all the submissions of the parties and entertained oral argument on December 21, 2000, FINDS the motion to withdraw plea is not well supported and it will be Denied.

*Discussion*

Magistrate Judge Puglisi made an exceptionally thorough examination of Defendant during the plea colloquy held on October 17, 2000.  Defendant stated he felt he was "absolutely" competent and "definitely fully satisfied" with legal counsel.

(Tr. at 6).  He then not only admitted to robbing fourteen banks, but provided numerous details as to several of the robberies.  (Tr. at 21-39).  Additionally, Defendant was made fully aware of the elements of assault of a federal officer and engaged in a substantial dialog with Judge Puglisi with regard to the details of that offense.  (Tr. at 40-52).  Judge Puglisi explained the firearm counts with particularity.  (Tr. at 55-58).  Defendant then voluntarily pled guilty to each of the counts (Tr. at 59-63) with knowledge of the consequences.  (Tr. at 11-22).

At the end of the exhaustive plea colloquy, Judge Puglisi deferred acceptance of the plea (Tr. at 64-65) until the parties had the opportunity to fully brief the issue of whether Defendant must know the person being assaulted is a federal officer under 18 U.S.C. § 111.  The parties having briefed the matter, this Court is satisfied no such knowledge is required.  *United States v. Feola*, 420 U.S. 671 (1975); *United States v. Kleinbart*, 27 F.3d 586 (D.C. Cir.), *cert. denied*, 513 U.S. 978 (1994).

On November 28, 2000, Defendant Chubbuck sent a letter to the Court accusing his attorney of misleading him in several particulars.  He also called his plea a "grave mistake" and said, "I need to withdraw my plea of 40 years."  The United States opposed the motion and correctly noted Defendant Chubbuck had admitted to all of the facts and makes no claim he was innocent.  Subsequent events following the hearing

support the Government's argument Defendant was merely trying to manipulate the legal system for other purposes.

"A defendant seeking to withdraw his guilty plea prior to sentencing bears the burden of demonstrating a fair and just reason for withdrawal." *United States v. Burger*, 964 F.2d 1065 (10th Cir. 1992). In considering whether the Court should accept a conditional plea or allow the withdrawal of a plea before sentence, the Court should consider (1) any assertion of innocence, (2) prejudice to the Government, (3) delay in filing the motion, (4) inconvenience to the Court or a waste of judicial resources, (5) assistance of counsel prior to the plea, and (6) voluntariness of the plea. *United States v. Graves*, 106 F.3d 342 (10th Cir. 1997). As noted, Defendant does not, and likely could not, assert his innocence of anything but the assaults – and even that assertion is based on the erroneous premise that knowledge of the victim's capacity is necessary. The Government would be prejudiced by the fact the Assistant United States Attorney prepared to try the case has left the jurisdiction. There was no significant delay in filing the motion to withdraw, apparently because Defendant was anxious to be transported back to court. It would clearly be a waste of judicial resources to refuse to accept the plea since Defendant's clear and repeated statements remove any basis to assume Defendant's innocence. As noted at the hearing, this Defendant has had the assistance

of two able counsel and his plea was voluntary.  Defendant has therefore not met his

burden to withdraw his plea.

## O R D E R

For the above stated reasons, the Court will accept Defendant's plea and find the

plea was voluntary; Defendant entered the plea with a full understanding of the

maximum penalties and the terms of the plea agreement.  Defendant's motion to

withdraw his plea of guilty is DENIED.  Counsel's motion to withdraw is MOOT.


Dated at Albuquerque this 1st day of March, 2001.




_____
**BRUCE D. BLACK**
United States District Judge



Counsel for Plaintiff:
    Jason Bowles, Assistant U.S. Attorney, Albuquerque, NM

Counsel for Defendant:
    Gary C. Mitchell, Ruidoso, NM