**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. 1:99-cr-01027-WJ
No. 1:00-cr-01345-WJ

BRYON SHANE CHUBBUCK,

Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF NEW COUNSEL**

THIS MATTER is before the Court on the Motion for Appointment of New Counsel filed by Defendant Byron Shance Chubbuck **[No. 99-cr-1027, Doc. 140; No. 00-cr-1345, Doc. 43].** The Court denies the Motion on multiple grounds.

**BACKGROUND**

In case no. 99-cr-1027, Defendant Chubbuck was indicted on multiple counts of bank robbery, assault on a federal law enforcement officer, use of a firearm during a crime of violence, felon in possession of a firearm, and attempted escape. **[99-cr-1027, Doc. 8, 27].** He entered a guilty plea to the Superseding Indictment and was sentenced to 40 years imprisonment, followed by 5 years of supervised release. **[99-cr-1027, Doc. 90, 91, 106].** Defendant then filed a motion to vacate, set aside or modify his conviction and sentence under 28 U.S.C. § 2255. **[99-cr-1027, Doc. 110]**. The Court denied his 2255 motion. **[99-cr-1027, Doc. 126]**.

In case no. 00-cr-1345, Defendant Chubbuck was indicted on an additional 10 counts of bank robbery in violation of 18 U.S.C. § 2113(a). **[00-cr-1345, Doc. 1].** He, again, pleaded guilty and was sentenced to 60 months as to each count, to run concurrently, and 3 years of supervised

release. **[00-cr-1345, Doc. 5, 9].** He also filed a § 2255 motion to vacate or set aside his conviction and sentence, which was dismissed by the Court with prejudice. **[00-cr-1345, Doc. 11, 27]**.

On June 8, 2022, pursuant to an Administrative Order, the Federal Public Defender filed a motion to have CJA counsel conduct a review of Defendant Chubbuck's cases to determine whether he might be eligible for relief under the Supreme Court's decision in *Borden v. United States*.[1] **[99-cr-1027, Doc. 128; 00-cr-1345, Doc. 30].** The Court appointed attorney Lawrence M. Marcus as CJA counsel. **[99-cr-1027, Doc. 132; 00-cr-1245, Doc. 34].** On August 31, 2022, Attorney Marcus then moved to withdraw because he was leaving the practice of law. **[99-cr-1027, Doc. 133; 00-cr-1345, Doc. 35].** Attorney Daniel Gallegos was appointed as CJA counsel and served until July 19, 2023, when he moved to withdraw because he had been called to active duty as a JAG by the Navy for Operation Enduring Sentinel. **[99-cr-1027, Doc. 136; 00-cr-1345, Doc. 38].**

The Court granted attorney Gallegos's motion to withdraw and appointed Scott Moran Davidson as CJA counsel for Defendant Chubbuck on August 1, 2023. **[99-cr-1027, Doc. 137, 139; 00-cr-1345, Doc. 39, 41].** More than two and one-half years later, on March 3, 2026, Defendant filed his motion for appointment of new CJA counsel for the purpose of seeking post-conviction relief. **[99-cr-1027, Doc. 140; 00-cr-1345, Doc. 43]**.

## DISCUSSION

**1. There is No Right to Counsel in Collateral Review Proceedings.**

There is no right to appointment of counsel in collateral review proceedings under 28

[1] The Court notes that Defendant's name was not included on any of the United States Sentencing Commission's lists of defendants potentially entitled to *Borden* relief.

U.S.C. § 2255.[2] Instead, the decision whether to grant assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). Section 2255 of Title 28 provides:

> "in all proceedings brought under this section and any subsequent proceedings on review, the court may appoint counsel . . . Appointment of counsel under this section shall be governed by Section 3006A of title 18."

Section 3006A similarly provides that the Court may appoint counsel to represent a criminal defendant in proceedings seeking relief under 28 U.S.C. § 2255. That section also permits the Court to substitute one appointed counsel for another when the interests of justice require. 18 U.S.C. § 3006A(c).

The Court has exercised its discretion to appoint counsel to review and, if a basis for relief exists, represent Defendant in Section 2255 collateral review proceedings. Over the past four years, the Court has also exercised its discretion to substitute appointed counsel when justice required. **[*See,* 99-cr-1027, Doc. 132; 00-cr-1245, Doc. 34; 99-cr-1027, Doc. 136; 00-cr-1345, Doc. 38; 99-cr-1027, Doc. 137, 139; 00-cr-1345, Doc. 39, 41].** The Court is not required to appoint substitute counsel for a third time merely because Defendant has requested appointment of new counsel.

**2. The Request for New Counsel is Not Timely.**

As noted, above, Defendant Chubbuck did not seek appointment of new counsel for over two and one-half years after his current CJA counsel was appointed. **[99-cr-1027, Doc. 140; 00-**

[2] Appointment of counsel is required only after a Section 2255 proceedings has been filed, preliminary screening has been conducted, and the court has determined that an evidentiary hearing is warranted. Rule 8(c) of the Rules Governing Section 2255 Proceedings.

**cr-1345, Doc. 43]**. Other than allegations that CJA counsel has not communicated with him, which are discussed below, Defendant Chubbuck offers no reason for the more than two-year delay in filing his motion.

**3. Defendant has Not Established Good Cause for Appointment of New Counsel.**

To warrant a substitution of counsel under 18 U.S.C. § 3006(A), a criminal defendant must show good cause—such as a complete breakdown of communication or an irreconcilable conflict. *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005). A district court looks to the factors in *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000), to determine if there is "a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *United States v. Lott (Lott I)*, 310 F.3d 1231, 1249 (10th Cir. 2002). The Court does not find good cause exists to appoint substitute counsel.

Defendant Chubbuck's Motion and accompany Declaration contain allegations that he, family, and friends have made attempts to communicate with counsel and that counsel has failed to communicate. **[99-cr-1027, Doc. 140 at 2-4; 00-cr-1345, Doc. 43 at 2-4].** However, neither the Motion nor the Declaration include any dates on which attempts were made or refused or the identities of the individuals attempting to communicate, and no actual evidence of such attempts or refusals is included with the Motion. Defendant fails to make the showing required by 18 U.S.C. § 3006(a).

**4. Defendant has Already Requested and Been Denied § 2255 Collateral Relief.**

Defendant Chubbuck filed motions for relief under 28 U.S.C. § 2255 in both of these cases, which was denied by the Court. **[99-cr-1027, Doc. 126; 00-cr-1345, Doc. 11, 27]**. Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to

establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). It appears from the record that any further motion for collateral review by Defendant Chubbuck might be a second or successive motion requiring approval of the United States Court of Appeals for the Tenth Circuit before he could proceed in this Court. The Court takes no position on whether any basis exists for seeking Tenth Circuit authorization for a second or successive motion for collateral review.

**IT IS THEREFORE ORDERED** that the Motion for Appointment of New Counsel filed by Defendant Byron Shance Chubbuck **[No. 99-cr-1027, Doc. 140; No. 00-cr-1345, Doc. 43]** is **DENIED**.

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE